UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL ROY JOHNSON,       )
                           )
         Plaintiff,        )
                           )
         v.                )     Civil Action No.  13-1127 (RC)
                           )
DISTRICT OF COLUMBIA *et al.*,  )
                           )
         Defendants.       )

## MEMORANDUM OPINION

Plaintiff, a prisoner currently incarcerated at the United States Penitentiary in Atwater, California, seeks to hold the District of Columbia liable under 42 U.S.C. § 1983 for the alleged actions of a former officer of the Metropolitan Police Department, Detective John Burke, whom plaintiff holds responsible for his arrest for rape in 1989. *See* Compl. for Violation of Civil Rights [Dkt. # 1] at 5-8.[1] The District of Columbia moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. *See* Def. District of Columbia's Mot. to Dismiss [Dkt. # 11]. Plaintiff has filed an opposition [Dkt. # 30], the District has replied [Dkt. # 33], and plaintiff was granted leave to file a surreply [Dkt. # 35].

---

[1] Plaintiff was granted leave to file both an amended complaint and a supplemental complaint. In the Amended Complaint filed October 7, 2013 [Dkt. # 7], plaintiff states that he is "adding additional parties and claims," and in the Supplemental Complaint filed November 12, 2013, he "ask[s] that this supplement be incorporated and read in conjunction with the Original and Amended Complaints." Suppl. Am. Compl. [Dkt. # 9] at 2. The Court must construe *pro se* filings liberally and, thus, considers collectively the original complaint ("Compl."), the amended complaint ("Am. Compl."), and the supplemental complaint ("Supp. Compl."). The Court will cite the page numbers assigned by the electronic docketing system.

1

Because the alleged facts do not state a claim of municipal liability under section 1983, the Court will grant the District's motion and dismiss the complaint against this defendant. In addition, because the alleged facts do not support a federal claim against Burke, who has yet to be served with process,[2] the Court will dismiss the complaint against this defendant as it is required to do "as soon as practicable" upon determining that a prisoner's complaint (or portion thereof) fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A.

## I. BACKGROUND

The facts relevant to the District of Columbia and Detective Burke are set forth in the original complaint and the supplemental complaint.[3] In the enumerated paragraphs comprising his "Statement of Claim," Compl. at 5, plaintiff alleges that on December 26, 1989, Burke "presented [a] Complaint and his sworn Affidavit in Support of An Arrest Warrant to Superior Court Judge Shelli Bowers," who issued an arrest warrant "charging Plaintiff Johnson with rape while armed." Compl. ¶ 24. On December 27, 1989, plaintiff "presented himself for arrest," *id*. ¶ 25, and was charged with rape while armed of his "19 year old, live-in girlfriend of 6 months."

---

[2]   Since liability under section 1983 "is personal to the defendant, the court must have jurisdiction over [Burke] in order to bind [him] to a judgment," *Harris v. Fulwood*, 989 F. Supp. 2d 64, 71 (D.D.C. 2013), and personal jurisdiction cannot be exercised " '[w]ithout valid service of summons or a waiver of service[.]' " *Pollard v. District of Columbia*, 285 F.R.D. 125, 127 (D.D.C. 2012) (quoting *Mann v. Castiel*, 729 F. Supp. 2d 191, 196 (D.D.C. 2010), citing *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)). Plaintiff has yet to comply with the court's orders to provide a service address for Burke, who is no longer employed with the Metropolitan Police Department. *See* Dec. 4, 2013 Order & U.S. Marshals Service's Process Receipt and Return [Dkt. # 15] (giving plaintiff until January 3, 2014, to supply information); Feb. 5, 2014 Min. Order (enlarging deadline to March 10, 2014); Pl.'s Feb. 18, 2014 Not. [Dkt. # 22] ("Plaintiff . . . is . . . attempting to obtain Defendant Burke's mailing address.").

[3]   Plaintiff also has named as defendants U.S. Parole Commission Chairman Isaac Fulwood, Jr., and several employees of the Commission whose pending motion to dismiss is being decided separately.

*Id*. ¶¶ 1-2. The arrest stemmed from events that had occurred on either December 24, 1989, or December 25, 1989. *See id*. ¶¶ 4, 18.

Plaintiff alleges that after Burke spoke with the complaining witness, he contacted plaintiff and plaintiff agreed to appear for an interview with Burke at MPD's Sex Offense Branch on December 26, 1989. In addition to the interview, plaintiff submitted a handwritten statement describing his version of the events. *See id*. ¶¶ 4-16.

Plaintiff alleges that "Burke, without performing an adequate investigation, swore out [the foregoing] Affidavit in Support of An Arrest Warrant, asserting that there's probable cause and reasonable grounds for the issuance of an arrest warrant for the Plaintiff . . . ." *Id*. ¶ 17. According to plaintiff, "Burke asserted [in the affidavit] that on the night of December 25th, the Complainant reported that she had been the victim of rape while armed with a knife . . . inside the Complainant's apartment." *Id*. ¶ 18. Allegedly, Burke further stated that plaintiff had admitted in his handwritten statement " 'to arming himself with a knife and to engaging the Complainant in sexual intercourse.' " *Id*. ¶ 22. Plaintiff accuses Burke also of having "fabricated information in the Police Report pertaining to Plaintiff['s] M.O," where he stated: " 'Uses knife and ball bat to abuse women.' " *Id*. ¶¶ 26-27. Plaintiff "asserts that he has never been accused of abusing anyone with a ball bat." *Id*. ¶ 28.

On March 17, 1990, plaintiff was released on bond "but [was] . . . arrested again and charged with the rape of a 22 year old prostitute." *Id*. ¶ 29. Plaintiff entered "a coerced guilty plea in the latter case" and on November 27, 1990, "was sentenced to 15 years to life." *Id*. ¶ 30; *see Johnson v. U.S*., 633 A.2d 828 (D.C. 1993) (affirming denial of collateral motion to withdraw guilty plea). The "December 1989 rape case was dismissed as part of the plea deal." Compl. ¶ 30. Plaintiff alleges that when he became eligible for parole in March 2000, a hearing examiner

*Id*. ¶¶ 1-2. The arrest stemmed from events that had occurred on either December 24, 1989, or December 25, 1989. *See id*. ¶¶ 4, 18.

Plaintiff alleges that after Burke spoke with the complaining witness, he contacted plaintiff and plaintiff agreed to appear for an interview with Burke at MPD's Sex Offense Branch on December 26, 1989. In addition to the interview, plaintiff submitted a handwritten statement describing his version of the events. *See id*. ¶¶ 4-16.

Plaintiff alleges that "Burke, without performing an adequate investigation, swore out [the foregoing] Affidavit in Support of An Arrest Warrant, asserting that there's probable cause and reasonable grounds for the issuance of an arrest warrant for the Plaintiff . . . ." *Id*. ¶ 17. According to plaintiff, "Burke asserted [in the affidavit] that on the night of December 25th, the Complainant reported that she had been the victim of rape while armed with a knife . . . inside the Complainant's apartment." *Id*. ¶ 18. Allegedly, Burke further stated that plaintiff had admitted in his handwritten statement " 'to arming himself with a knife and to engaging the Complainant in sexual intercourse.' " *Id*. ¶ 22. Plaintiff accuses Burke also of having "fabricated information in the Police Report pertaining to Plaintiff['s] M.O," where he stated: " 'Uses knife and ball bat to abuse women.' " *Id*. ¶¶ 26-27. Plaintiff "asserts that he has never been accused of abusing anyone with a ball bat." *Id*. ¶ 28.

On March 17, 1990, plaintiff was released on bond "but [was] . . . arrested again and charged with the rape of a 22 year old prostitute." *Id*. ¶ 29. Plaintiff entered "a coerced guilty plea in the latter case" and on November 27, 1990, "was sentenced to 15 years to life." *Id*. ¶ 30; *see Johnson v. U.S*., 633 A.2d 828 (D.C. 1993) (affirming denial of collateral motion to withdraw guilty plea). The "December 1989 rape case was dismissed as part of the plea deal." Compl. ¶ 30. Plaintiff alleges that when he became eligible for parole in March 2000, a hearing examiner

for the United States Parole Commission "asked about the 1989 rape allegations." *Id*. ¶ 31. And "[d]espite the facts that [plaintiff had] provided, the [C]ommission made a determination of guilt based solely on the fabricated police report prepared by Defendant Burke." *Id*. ¶ 33.

Plaintiff "seeks to have . . . Burke reprimanded" for a list of "violations," including "knowingly provid[ing] false and misleading information to a sitting Judge with the intent to deprive Plaintiff of his liberty[,] . . . fabricat[ing] information in a police report pertaining to the Plaintiff's M.O.[,] and willfully and with reckless disregard for the truth[,] [making] material misrepresentations that would have otherwise been without probable cause in violation of Plaintiff's Fourth Amendment right to be free from unreasonable seizure." *Id*. ¶¶ 61-64. In the supplemental complaint, plaintiff claims that "Burke's actions constitute negligence under D.C. Code for falsifying a legal document [and] false swearing and perjury." Supp. Compl. at 2.

In addition, plaintiff "seeks a declaratory judgment asserting that his rights were violated . . . and monetary damages . . . for the time the 1989 rape allegations have tainted his life and deprived him of his liberty." Compl. ¶ 74. He also "seeks to have the entire record pertaining to his 1989 arrest for rape while armed expunged." *Id*. ¶ 58.

## II. ANALYSIS

### A. Legal Standard

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a complaint." *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). The motion does not test a plaintiff's ultimate likelihood of success on the merits, but only forces the court to determine whether a plaintiff has properly stated a claim. *ACLU Found. of S. Cal. v. Barr*, 952 F.2d 457, 467 (D.C. Cir. 1991).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555–56 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are therefore insufficient to withstand a motion to dismiss. *Iqbal*, 556 U.S. at 678. In deciding a motion to dismiss, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *See Warren v. District of Columbia*, 353 F.3d 36, 39–40 (D.C. Cir. 2004); *Browning*, 292 F.3d at 242.

**B. Municipal Liability**

Section 1983 provides a cause of action against

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws.

42 U.S.C. § 1983. A plaintiff bringing a § 1983 claim "must allege both (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the defendant acted 'under color of' the law of a state, territory or the District of Columbia." *Hoai v. Vo*, 935 F.2d 308, 312 (D.C. Cir. 1991). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. As a municipal corporation, the District is a "person" within the meaning of the statute and is therefore subject to liability "when an

5

official policy or custom causes [a] complainant to suffer a deprivation of constitutional" or other federal right. *Carter v. District of Columbia*, 795 F.2d 116, 122 (D.C. Cir. 1986); *accord Warren*, 353 F.3d at 38; *see also Moreno v. District of Columbia*, 925 F. Supp. 2d 93, 99 (D.D.C. 2013) ("In order for the District to be held liable for the acts of a wrongdoer under its authority, a plaintiff must show that the District was the 'moving force' behind the alleged constitutional deprivation.") (quoting, *Monell v. N.Y. City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)).

Plaintiff does not allege (nor state any facts suggesting) that Burke was following official policy, practice or custom when he produced the alleged fraudulent affidavit and police report. Therefore, no federal claim has been stated against the District of Columbia, and the claim against the District is dismissed.

## C. The Claim Against Defendant Burke

In the Relief section of the original complaint, plaintiff concludes that Burke "made material misrepresentations that would have otherwise been without probable cause in violation of Plaintiff's Fourth Amendment right to be free from unreasonable seizure." Compl. ¶ 64. Presumably in support of this conclusion, plaintiff points to Burke's alleged failure to include plaintiff's handwritten statement with the affidavit supporting the arrest warrant and his failure "to inform the Judicial Officer of the facts he knew would negate probable cause." *Id*. ¶¶ 65-66.

The Fourth Amendment provides: "The right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause . . . ." U.S. Const. amend. IV. It is "well-settled that the Fourth Amendment is violated when a suspect is arrested in the absence of probable cause." *Liser v. Smith*, 254 F. Supp. 2d 89, 104 (D.D.C. 2003) (citing *Gerstein v. Pugh*, 420 U.S. 103 (1975); *Martin v. Malhoyt*, 830 F.2d 237, 262 (D.C. Cir. 1987)). But probable cause is determined by a

reasonableness standard considering "the facts and circumstances within . . . the officers' knowledge and of which they had reasonably trustworthy information" to believe "that an offense has been or is being committed by the person to be arrested." *Dunaway v. New York*, 442 U.S. 200, 208, n.9 (1979) (quoting *Brinegar v. United States*, 338 U.S. 160, 175-76 (1949)) (internal quotation marks and alterations omitted) (other citation omitted). *See Brinegar*, 338 U.S. at 175 (explaining that "[i]n dealing with probable cause, . . ., [a]s the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act."). The probable cause standard requires "less evidence which would justify condemnation or conviction" but "more than bare suspicion." *Id*. *See Amobi v. District of Columbia Dept. of Corrections*, 755 F.3d 980, 990 (D.C. Cir. 2014) (" 'Once a police officer has a reasonable basis for believing there is probable cause, he is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest.' ") (quoting *Ricciuti v. N.Y.C. Transit Auth*., 124 F.3d 123, 128 (2d Cir. 1997)).

The Report of Investigation (ROI) attached to plaintiff's opposition belies any claim of a Fourth Amendment violation.[4] *See* Pl.'s Opp'n, Ex. A.[5] The ROI contains details provided by

---

[4] Absent a Fourth Amendment violation, the Court has no basis to consider exercising its equitable power and ordering the expungement of plaintiff's 1989 arrest record (Compl. ¶ 58). *See Doe v. Webster*, 606 F.2d 1226, 1231 n. 8 (D.C. Cir. 1979) ("The power to order expungement is a part of the general power of the federal courts to fashion appropriate remedies to protect important legal rights.") (citing cases). Such action "is appropriate when serious governmental misbehavior leading to the arrest, or unusually substantial harm to the defendant not in any way attributable to him, outweighs the government's need for a record of the arrest." *Id*. at 1231; *see accord United States v. Blackwell*, --- F. Supp. 2d ---, 2014 WL 2446648, at *1 (D.D.C. May 30, 2014) ("Absent a statutory basis authorizing expungement, courts have granted motions to expunge only in extreme circumstances, such as in cases involving flagrant constitutional violations.") (citations omitted). Plaintiff's allegations come nowhere near satisfying the foregoing standard.

both the complainant and the plaintiff and their contrasting versions of the events that unfolded on December 25, 1989. In addition, the ROI describes collected evidence that was consistent with the complainant's accusations. This is not the situation where the officer-affiant failed to verify crucial information about the particular crime, and the fact that Burke may have chosen to summarize plaintiff's statement rather than include it with the probable cause affidavit, as plaintiff alleges, does not rise to the level of a constitutional violation. *See, e.g., Liser*, 254 F. Supp. 2d at 104 & n.5 (noting that "a material misstatement" contained in detective's affidavit "does not, on its own, permit the reasonable conclusion that defendant intentionally lied in that document"); *see also Frazier v. Williams*, 620 F. Supp. 2d 103, 108 (D.D.C. 2009) (finding that detective facing conflicting versions of assault by two "credible" persons had probable cause to arrest either person, and "[g]iven all the facts and circumstances, . . . . acted reasonably in concluding that probable cause existed to justify the issuance of an arrest warrant" for the plaintiff). Hence, the federal claim against Burke is dismissed.[6]

---

[5] Plaintiff has not provided the actual affidavit supporting the arrest warrant. Given the statement in the ROI that "the facts of this case were presented, in the form of an AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT, to a Judge of the Superior Court for the District of Columbia.," ROI at 10 (capitalization in original), it is reasonably safe to conclude that the statements supporting the probable cause affidavit mirrored those comprising the ROI.

[6] Given the ROI's content, it is most likely that Burke would be shielded by qualified immunity even if he were to appear in this case. *See Liser v. Smith*, 254 F. Supp. 2d 89, 104 (D.D.C. 2003) ("In contrast to the subjective 'good faith' standard that governs false arrest claims under D.C. law . . ., the federal qualified immunity standard is an objective one" and "police officers are shielded from civil damages liability 'as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated.'") (quoting *Anderson v. Creighton*, 483 U.S. 635, 638 (1987)).

## CONCLUSION

For the reasons discussed above, plaintiff's federal claim against the District of Columbia and former MPD Detective John Burke is dismissed. In accordance with 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over any common law claims. A separate Order accompanies this Memorandum Opinion.

_____/s/_____
RUDOLPH CONTRERAS
United States District Judge

Date: August 25, 2014